Case number 10-1156, Robert E. Taylor Sr. v. Police Board of the City of Chicago Okay, when the lawyers are going to argue the case, please approach and introduce yourselves. Good morning, Suzanne Loos for the Chicago Superintendent of Police Gary McCarthy. Kenneth Hogan on behalf of Robert E. Taylor Sr. Okay, you understand you're going to reserve some of your time for rebuttal? I believe so. And it is my understanding that the full amount of time is allowed by Rule 352. 20 minutes for a sign and 10 minutes for rebuttal. Or is there some shorter amount of time? Well, you know, we give 15 minutes and that's it. Okay. Thank you. All right. Proceed. Good morning. Again, my name is Ken Hogan. I'm here on behalf of Robert E. Taylor Sr. The petitioner in the administrative review proceedings in the circuit court and the respondent for the police board. He seeks reversal of the police board's decision which ended his 34-year career as a Chicago police officer. He does so, he seeks reversal of that decision on a number of grounds. The first is that the 2007 charges that were brought before the police board were barred by the doctrine of res judicata, based on the department's earlier unsuccessful effort to dismiss him from his job. Charges which were brought in 2005 and which were disposed of in 2006. He was found not guilty of those charges. The other two issues are- When you say charges, I thought it was one charge. Actually- It was only bigamy. Actually, they broke into two charges, based on Rule 1 of the department, which is violating any law, and Rule 2, which is impeding the department's efforts, its policy and goals, or bringing discredit upon the department. But the allegation was the same, that he, in committing bigamy, he violated Rule 1 and violated Rule 2. Right. In pleading the Rule 2, they leave out the crime of bigamy. Simply, I don't have the exact verbiage, but simply he was married to two women at the same time. Basically, he married two women. Correct. He was married at the same time to two women. And you think that the charges of committing perjury and falsely stating certain- He couldn't find Tamila. Are charges that should have been brought in 2005? Yes, because they were under investigation at the time. The acts that were eventually alleged in 2007 were complete. So I take it, then, your position is that additional charges should have been filed against the respondent regarding- in addition to those charges that he actually faced in 2005. I think my argument is that that was the time. If the city was going to bring- or the department was going to bring those charges, that was the time. And that they shouldn't get two bites of the apple. They shouldn't lose and then say, oh, we've got these other charges. Let's try them on these. They had that information. They say that the investigation was complete by the end of 2005. The 2005 charges of the 2007 allegations, the 2005 charges were not disposed of until October 2006. The department says that the superintendent- So they were under an affirmative obligation to reopen the charges and file additional charges? Not that they were under an affirmative obligation. It was their choice. But if they wanted those to be- But is that the burden that res judicata imposes on the police board? Well, on the department, I do think the department had the obligation to not engage in repetitive litigation. The doctrine of res judicata is here to promote the finality of litigation, to relieve litigants of the burden of repetitive litigation. And if there's a party, if there's a core of operative facts, if there's a factual grouping that should be thought of as a single cause of action- Why is it a single cause of action? I think that's a disputed element of res judicata as to whether or not it applies. Do you think that the testimony he gave before Judge Coco regarding his appearance before Judge Brewer, or the absence of an appearance before Judge Brewer, why do you think that falls under the same cause of action that gave rise to the original charges? Well, the subject of his testimony before Judge Coco in the criminal trial of Bridget was related to a prove-up hearing on his dissolution petition from Tamela, Tamela, I'm not sure. And so what he was- I mean, the distinction between the 2007 charges that he was found guilty of and what went before in front of the board is, you know, being married to two women at the same time and false statements based on his efforts to remedy that situation, to obtain a divorce from Tamela. But didn't the proceedings before the Judge Coco concern not the first wife at all, but the second one? That's correct. That was the subject of the criminal trial. But the subject of the testimony was whether or not he had appeared before Judge Eileen Brewer in a prove-up. The judge was trying to impeach him. I mean, the lawyer was trying to impeach him. I don't think she succeeded. But the point is that when he was in front of Judge Coco, he was not being prosecuted or for bigamy. No. He was testifying against Bridget, trying to convict her of conversion and phone harassment, and her lawyer was trying to impeach him, and then he lied and committed perjury. How is the issue of bigamy the same as the issue of perjury? I mean, I don't see- I can't see how you're saying the identity of issues. Right. Because it's not so much- Not just that they're the same parties. Everybody agrees they're the same parties. There's a final judgment, but the identity of issues, not just- It seems like you've got the Corfaxes just because it's the same two women involved, that therefore anything that comes from these two women should have been prosecuted in the 2005 case. That's what I'm asking you to show how the bigamy is the same issue as perjury, because that's the two counts in 2007. I think we have to compare the allegations that the city's department is making, and they're making- Supposedly the testimony before Judge Coco is perjury, is material, because it has something to do with, I suppose, his effort to cover up his previously bigamous situation. But I don't completely follow that, because he had never denied that he had obtained a divorce from Tamela at the time of the criminal trial. But they are linked together, not only about the subject matter. It's not only the subject matter, although I think that's the most important thing, but also time-wise. The city or the department alleged this bigamous conduct extended from December 2002 until he obtained the divorce in March 2004. When is the testimony? When is the testimony? Isn't that after that? It was August 2004. So it was after his- But it was concerning the March 2004 approval hearing, which falls back again into that- So was he a bigamist in August 2004? No, in fact- So if the bigamy charges were the ones that were underlying his first case, why do events post-bigamy have any bearing at all on that cause of action? Because the false statements arise out of his efforts to, again, to remedy the bigamist situation. It's already been remedied. The comparison is probably easiest to the certificate of marriage that was alleged, where he claimed that the marriage to the second wife was the first marriage that he ever entered into, and the administrative law judge found that to be arising from the same cause of action because he was, at that point, really becoming a bigamist and threw out that offense, and that was upheld by the circuit court. And so when you're comparing that situation to the other charges, I agree with Judge Lampkin that that connection, the nexus, the link, just doesn't seem to be there, at least not as clearly, regarding that certificate of marriage assertion that he made, that that was his first marriage rather than his second. Well, with respect to that allegation, and again, the police found that approach too far. They said, no, this is too closely linked to the earlier charges. I mean, the city, again, one of the factors that goes into whether or not this should be regarded as a single cause of action is whether they are a convenient trial unit. And the department obviously thought so. They brought that allegation on the November 2002 marriage application, where he indicated that with a 0-1 on the form that the county clerk had provided, that that was his first marriage. They grouped that in with the other two allegations. So, you know, I think maybe the argument there is with the department in that case. They certainly seem that the way the parties have treated this seems to be... But our review isn't of the charges that the department sought to file against your client. Our review is of the administrative actions decisions, and that included tossing that charge. That's true. And so what we're left with then is now the police board is drawing the line at, well, a false statement concerning the, I guess, pursuit of this allegedly bigamist conduct. That's something that's related so directly to the alleged bigamist conduct that we can't, you know, that's barred. But these other statements, these other false statements made close in time and in pursuit of, you know... He's saying it's in pursuit of the bigamy, but the bigamy is over. That's where I... Well, and I don't want to pick nits here, but there was no bigamist conduct. The police board expressly found that... But factually, it was over. Right. If there was one, it was over. Well, it wasn't over with respect to the January 20, 2004 petition for dissolution of marriage. It wasn't over. It was over after the testimony where he proved it up in March 2004, and the charges were not filed until subsequently. True. True. So, again, we do have, again, the August 2004 criminal trial. The testimony that's at issue there is the testimony, is the March 2004 testimony. I understand that it's another few months out, but, you know, the restatement of judgments, Section 24 talks about this, about courts taking a pragmatic approach to deciding these matters. And this is a situation where the city had all these facts at its disposal. It elected to try some. It elected not to try others. They lost, and they came back, and they tried the ones that they decided to take their shot at. And so I think that's... I mean, would you agree that, you know, that the city's knowledge of this is an important element in regard to your claim of race judicata? I do. It's race judicata. And where's your proof that they had this knowledge? Well, in the record, it shows that in their briefing, the investigation was opened for the 2007 allegations about a month after the investigation of the 2005. There were different investigations, but they were opened about a month apart. The investigation of the 2007, what later becomes 2007, I'm sorry about this, it's so confusing sometimes. The 2007 allegations... We call it Taylor 2 versus Taylor 1. Right. Taylor 2, the investigation of that, was completed by December 2005. So, you know, and Taylor 1 allegations weren't adjudicated, weren't disposed of until October of 2006. They lose, and they come back in 2007 with the... Well, the fact that their investigation was ongoing or it was done, does that tell us what that investigation disclosed? There is a report, I believe, in the record regarding the investigation, and all I know is that it was completed... Is there any part of the record here where we could pinpoint and say, yes, the city had knowledge of that? I would... I mean, you know, instead of guessing or speculating about it. I would be... I cannot... In the beginning of the record, in the beginning of the common law record, the reports of that investigation are in the record. They were the... And those were the... And the city completed its investigation of these allegations, Taylor 2 allegations, in December 2005. They had no further investigation. No, and apparently it was not approved by the superintendent to proceed to the police board until April 2007. I don't know why. It doesn't say. So that was a necessary step that had to be taken. There had to be approval, and until there's approval, the department's hands are tied, aren't they? I mean, they can't initiate additional charges until they get that approval, and they didn't get that approval until after Taylor 1 was ruled upon and decided. Well, it was in the superintendent's hands. The superintendent is the chief executive there, and if they wanted to proceed, they needed to do so more expeditiously. It's certainly unfair. It would certainly be manifestly unfair to say that Mr. Taylor should lose his job because it took a long time for the superintendent to decide on these charges. In addition to the race judicata, Mr. Taylor also challenges the sufficiency of the evidence on perjury, and I think in particular the materiality element of perjury in his testimony before Judge Coco. It seems it's fairly murky what that materiality could possibly be. He never denied that, in fact, earlier in his testimony in that criminal trial, he acknowledged that he had sought a divorce from Tamela earlier in the year and had obtained a divorce. And the city will say, well, you don't have to promote it. They don't have to promote it. So you feel it's not material when he testifies that at a prove-up he wasn't there, his lawyer was there, and he didn't testify? Do you consider that not material? I mean, is that the type of police officer that we should have? Well, if that were exactly what his testimony was, that would be a problem. Let me ask you this for clarification. It is material in what proceeding? Is it material in the prove-up proceeding, or is the department's obligation burdened to prove that it was material in the proceeding before Judge Coco? I believe definitively it has to be before Judge Coco. That was where the utterance was made. Is there any evidence that it was material before Judge Coco? There are arguments that it was. Other than to attempt to impeach him, no. And if it's not material, it is not what? It is not perjury. And with respect to the Rule 2 violation based on that, I think there's a knowledge element here. There's got to be a knowledge element. There's got to be a scienter element. And I don't, you know, like I said before, motive is not an element here. They don't have to show motive. But it certainly is hard to explain why someone would testify falsely without a motive. It also doesn't seem to me beyond common sense to say this officer, and I think the exact statement, the exact question he was asked, he was asked about did he stand in front of Judge Brewer? Not that he obtained a divorce in 2004, in March 2004. He was asked that specific question, and he denied it three times. One of those times he said, as best I can recall. I don't think it's incredible that someone might not remember the judge who presided at a brief prove-up hearing on a dissolution petition. He said he didn't stand in front of the judge. Right. I suppose that's open to interpretation. Perhaps he stood to the side. I don't know. Well, the judge is the one who's making the credibility, isn't he? Right. But standing in front of the judge, I think he was. We all know what that meant. Right. That he actually appeared before, not actually physically stand. Right. I don't think he was. I think it's important to look at what he was actually, the question he was actually asked, and the fact that he might not recall a particular judge, and it's not. I don't think it's beyond. He knew, and the records suggest, that he only had one prove-up in his entire life, and it would seem to me that he would know had he ever appeared at a prove-up. And the question whether or not it was Judge Brewer or Judge Smith or Judge anyone else, I don't know that that makes any difference. But it was certainly before Judge Brewer that his divorce, his first divorce, was proved up. And he had to have appeared. And he did appear. He did. And when he denies he of appearing, I think that sounds like a false statement. Well. Now, whether that's perjury or not is a different question. Right. But it's certainly a false statement. Well, it's, and, again, there are two other elements there. There's knowledge and materiality. That's under Rule 1, not under Rule 2. That's correct. So Rule 2, we're left with, you know. He has had a bad memory. I just don't think it's incredible that he could not, he would not remember the name of the judge several months later. That he'd been in front of maybe once. And if he didn't remember the name of the judge, he could have said, you know, I remember going to a prove-up, I remember being asked, I don't remember the name of the judge. That's not what he said. Okay. All right. Thank you very much. Thank you. Good morning. May it please the Court. I'm sorry, your name again? Suzanne Lose. Okay. The police board found Taylor had violated rules when he twice submitted false statements to the courts, and he was discharged for that misconduct. This morning I will explain why that decision was neither barred by race judicata nor against the manifest way to the evidence and should be upheld. Turning first to the race judicata question, that will not apply, of course, unless three elements are met, and the one that is at issue here is the identity of cause of action. There is no identity of cause of action here because the false statement charges were not part of the same group of operative facts as the bigamy charges. The bigamy hearing centered around whether Taylor was married to two women at the same time and whether he reasonably believed he was eligible to remarry in December 2002. But the question is, did the city know about those charges at that point in time? Your Honor, the city knew about the charges of the, I'm sorry, are you referring to the false statement charges? There was a complaint. Allegations were made in August of 2004, about a month after the bigamy charge allegations were made. However, the superintendent is free to investigate unrelated charges separately. There's no requirement, absent the elements of race judicata being met, that they be brought together. That one investigation be sped up or the other one slowed down in order to accommodate that, unless they are, in fact, part of the same group of operative facts, and here they were not. There's no joinder obligation, as there is, I don't know if you know, joinder in criminal practice. In criminal law, if the state is aware of more than, if the state is aware of several charges against a defendant, regardless of when they arose, they have an obligation to charge them at that point. For unrelated charges? Unrelated charges. I'm not aware of any such obligation on the superintendent of police. Some investigations will take longer than others. All right, but your position is that they were still investigating these things? Yes, yes. And so, unless these were, in fact, part of the same group of operative facts, there was no obligation to bring them together in one set of charges. And that's because it serves the public interest to make sure that these allegations are fully investigated, regardless of the length of time it takes? Sure. There may be many occasions where you have different complaints, some that maybe turn out not to be the same. But you will agree that if this had been fully investigated at that point in time, it should have been brought with the original charge? No, I wouldn't agree it would be required under principles of res judicata because they still are not part of the same group of operative facts. As a practical matter, the superintendent probably would, under those circumstances, if everything lined up that way and could, since all the parties were in the same room. But the doctrine of res judicata would not be the same sort of claim splitting that res judicata is about, because we are dealing with two different sets of operative facts. All right. So it's your position that if you had a complete investigation and you had 10 different operative set of facts, that if you lose on one, you could bring all the others, one at a time? Your Honor. Is that what you think the law is? I think the law requires if they're completely unrelated. If, say, for example, Mr. Taylor is here. If they're unrelated, you could just bring them 2, 3, 4, 5, 6, and 7 and just continue on. The doctrine of res judicata is not designed to bring every single unrelated claim that the same parties might have, no matter how unrelated that they are. If it did, then maybe there would only be two elements to res judicata as opposed to three. The reason why is res judicata is designed to prevent defendants from having to litigate the same thing twice. And that is not, if they're really unrelated, 10 different sets of charges, you're not forcing a defendant to litigate the same thing twice. Okay. And here, they were different sets of charges. And, in fact, they did proceed along different... The investigations took a different amount of time and the charges were not approved at the same time. But in any event, the first set of charges dealt with bigamy, Taylor being married to two women at the same time, and whether he reasonably believed he was eligible to be married. And the second set involved two specific false statements to the courts on two specific dates that didn't even ask him about bigamy or whether he was married to two women at the same time or reasonably believed he was eligible to remarry. Taylor comes at this wrong. He would suggest that these both originated when he became married to two women at the same time. But, you know, it may be true that his predicament of being married to two women at the same time was how he wound up in divorce court or even what led him to being the prosecuting witness against his other wife in criminal court. But the false statements he made to the courts when he went into court were separate acts. They were separate decisions he made when he was testifying under oath and when he signed his petition for dissolution of marriage. So those claims originate when he made those false statements and at no other time. There is no overlap here. So for those reasons, these two sets of charges do not share the same group of operative facts and race judicata is not a bar. And just to clarify, we do not contest that the related charge, the one charge relating to the false statement on the marriage license application, the board dismissed that charge as barred by race judicata and that's not at issue. So it's irrelevant whether or not the superintendent pursued those charges at that time. The superintendent can bring unrelated charges and that one of them turns out to be barred by race judicata does not impact whether the other two are. Moreover, the board's findings are not against the manifest way of the evidence. The board found that Taylor in his petition for dissolution of marriage said that he didn't know the residence or whereabouts of his wife when in fact he did. And there's a strong case that in fact he knew Tamela's whereabouts. That doesn't underline the charge of perjury, does it? The perjury has to do with the criminal court testimony. So whether or not he knew where his soon-to-be ex-wife resided doesn't underlie the charge of perjury. True? The perjury is not, well, it's related but his testimony in criminal court relates back to his testimony in divorce court. So why don't we go to that? That's under Rule 1. Why don't we go to that one first? In order to prove perjury, you need to prove materiality. Okay, yes. How do you do that? We would submit that his false statement was material because it blocked a line of inquiry that would impact his credibility. And just so it's clear, materiality, whether or not it's material concerns the proceeding in which the allegedly false statement was given. Yes. And so we're talking about the criminal proceeding before Judge Coco. Yes. And you're claiming that his denial of going before the prove-up judge was perjury. Yes. And how do you prove... So here's my... I'll go straight to the nub of it for me. Materiality seems to focus on the impact that testimony has on the proceedings in which it was given. One of the obligations that impeachment requires to be complete is that you have to perfect it. Was impeachment perfected in this case? Well, I think... No, but the state's attorney... So why isn't that legal standard... You know the language, legal standard of materiality. Why shouldn't we simply say, when you don't prove up impeachment, and impeachment is what you are claiming was constituted perjury, then why shouldn't we say, as a matter of law, you have not proved up materiality? Because if it was really material, the lawyer that was pressing him on this question would have proved up her impeachment, but she didn't. I think that approach would give Mr. Taylor a pass on perjury when the state's attorney doesn't... It's not a pass on perjury. It's what our rules of evidence require. I'm not aware of any cases, and certainly Mr. Taylor has cited none that where the... Are you aware of a single case that says materiality can be established by virtue of whether or not it casts any relevance on credibility? Yes. We cite two in our brief. Olinger and Acevedo, they're cited in our brief. And the point here is, maybe not in every case, but when you have a case where whether or not the prosecution will succeed or fail will turn on the credibility of it. Let me ask you this. What significance does materiality really have if the only question before the reviewing court is whether or not that question concerned credibility of the witness? I mean, isn't credibility of the witness such a broad scope that it can encompass everything? And materiality either means something or it doesn't. Materiality simply means whether or not it impacted the credibility of the witness. Should we go to the fact finder and ask him, did this make a difference to you or not? You know, materiality, as the cases that we both cite state, materiality depends on whether it would have a tendency to affect the outcome. And I wouldn't submit that every question about credibility for every witness would. That's relevance. That's not materiality. Well, the cases that we cite suggest that when you have a question that goes to the credibility of a witness, who is the, with whom the prosecution of the. . . Do you have a case that you cite for the elements of perjury and that materiality has been established by virtue of the perjurious statement impacting the credibility of the witness that uttered that statement? This would impact the credibility of the witness that uttered that statement. I'm asking you, do you have a case that actually says exactly that? That would be, I believe that was at Olinger where the witness testified falsely. Olinger was a post-conviction case, wasn't it? I believe so. But the point of that case was. . . It wasn't a post-conviction case involving perjury, was it? No. But it did involve the question of materiality of whether the state had knowingly used a false statement from the witness. And the materiality question turned on whether or not the credibility. . . As I said, it's not all questions about credibility, but when the prosecution is depending on primarily a single witness and their credibility is what's going to make the difference, it is material to that hearing. But let me just make sure I understand your position. Your position is that a question, an answer can be material even if impeachment is not perfected. Yes, it's still a false statement. How do we know it's a false statement if you haven't perfected it? Did Judge Coco know it was a false statement? Well, we know it was a false statement. How did Judge Coco know? Because we're talking about materiality in the criminal proceeding. How did Judge Coco know that it was a false statement when it wasn't proved out? Judge Coco was not deciding the question of whether this was perjury. Of course, the police board was, and I can tell you how the police board knew it was a false statement. Let me ask you this. Is that a question of law for worlds, or is it a question of fact that we owe deference to the board? The board's finding that he made a false statement is a finding that you owe deference to the board. What if we disagree and say we think it's a question of law because there's got to be a minimum, a minimum, a ground floor showing of materiality before it can reach that range of question of fact for the agency to decide? The question of what amounts to materiality, I hear two questions in your question there. The question of what amounts to materiality would be a question of law. However, your earlier question about how do we know it was not true, if I may take a moment to address that as well, we know that because what he said was, he was asked a question about testimony and Judge Brewer. We know it's not true. The question is whether it constitutes a legal definition of perjury. Okay. I understood part of your question anyway, to question whether or not we knew it was not true. And we also know that it would go to his credibility because it wasn't just that he was asked about whether or not he appeared in Judge Brewer's courtroom. He was asked, did he recall whether that judge asked him, can you tell me how you tried to let her know about this divorce? And that's what he said. I never appeared in that court. A lawyer appeared in that court. We know what happened in that court. The transcript's in the record. He was asked that question and he said, I tried to contact a brother from out of state and I tried to contact a friend to no avail. But we also know in the record that he had Tamela's phone number in and had called it a week after he filed his petition for dissolution of marriage. We also know that he was in contact with his son who also lived in Sykes and saw Tamela regularly. Let me ask you this question, that if the police board had found that he lied and did not use the word perjury, could they still discharge him? In fact, the police board did make that finding on the Rule 2 violation and thank you, that would be my next point. Even if all the elements of perjury weren't met, certainly the Rule 2 violation was based on conduct that impedes the department's ability to achieve its goals and brings disrepute upon the department. And that's why there are two charges, one under Rule 1, which alleges perjury, one under Rule 2, which alleges a false state. Correct. So if the element of materiality, if this court finds that that element is not met, nevertheless, the same exact conduct amounts to a Rule 2 violation. Here's the next question I have that segues perfectly into from that observation. I think you assert in your brief that punishment is not an issue. And the question I have is punishment nonetheless an issue for us if we decide that the Rule 1 violation hasn't been proved, but the Rule 2 has been proved, do we simply affirm the finding and the punishment or do we remand for a new determination to address Judge Gordon's point that to allow us to get the agency's input as to whether or not that single violation of Rule 2 warrants this penalty that was imposed, which is loss of employment? In this case, Your Honor, I believe that Tate provides authority for, in this case I think it would be appropriate to affirm because there's no reason to believe the police board's decision would be any different with respect to the penalty when you're talking about the same exact conduct with the same, just as serious, the same exact conduct. Well, there's a difference even if you want to make it a technical one. One is perjury, which is a criminal offense. The other is a false statement, which is not perjury. They're both false statements under oath in a court of law. So you don't see any difference between the two? The only difference that I see is that in one case, if Your Honors were to find that the testimony was not material in that criminal case, that the materiality isn't met. So you think that charging under Rule 1 and Rule 2 was really pointless because the violation exists regardless? Or was there a point for charging under Rule 1, which requires a commission of a crime, and Rule 2, which puts the department in a bad light? Well, it is not just that it puts the department in a bad light. That's certainly true. It also impedes the department's efforts to achieve its goals. But it's not a commission of a crime. That's my point. He has to testify in court, and these statements will be used. This is very serious whether or not it technically amounts to a criminal charge of perjury. It's very serious misconduct to the police department for a police officer. Everybody will be able to say he's a liar. Right, exactly. Every time he testifies, the other side will be able to say, this guy lied. Whether he's charged with perjury or not, they'll be able to prove over and over again he's a liar. To the police department, the conduct is just as egregious under the, you know, whether it's couched under Rule 1 or Rule 2. Let's say it is just as egregious. Let's assume that. Why shouldn't we nonetheless have the department tell us that it is by remanding for its consideration of the violation of Rule 2 only if we should find that perjury was not established? Well, I would submit that Tate suggests that when there's no reason to believe that the board's decision would be any different, this court can and should affirm. I understand that, Tate. But I think there is a Supreme Court case that took that very same action, and that was, was it Masterfield? Are you acquainted with that? Okay, never mind. I'm sorry, but I'd be happy to address that. No, that's okay. Well, when you look at the penalty picture, you know, if you were going to have a choice between us deciding the penalty under Justice Garcia's scenario or the police board, would you want the police board to decide the penalty? I'm sorry, what? I said if you had the choice, who should decide the penalty? Well, the police board should decide the penalty. I guess my submission would be that there's no basis to disturb the police board's decision on what the penalty should be. That they, in fact, decide the penalty. Yes. Thank you. We ask that the judgment of the Supreme Court be affirmed. Thank you. Thank you. Rebuttal. If you want to give one. I just want you to clarify whether or not you at any point challenged the punishment that was imposed. No, that was not one of the, I mean, we did not, if he was indeed, sufficient evidence exists for rule one, rule two violations here, we're not challenging the, certainly perjury is very serious. And that's why we're saying that if that, if the perjury charge is reversed, the others are sustained. Let me, let me, let me, let me understand what you're, what you seem to be saying is, is just the reverse of what counsel's saying that she's saying that perjury was underlying both rule one and rule two. And if we find rule one wasn't satisfied under the legal definition of perjury, then rule two is enough. You're saying that perjury was alleged in both, and if we find materiality was improved in rule one, therefore it casts doubt on the rule two decision. Well, I'm saying the rule, the rule two allegation here is not, they do not allege perjury. They don't allege it. And so, you know, at least, you know, the materiality aspect is not part of that, that allegation. And I just want to make a couple brief points to clear things up. The investigation of Taylor two allegations, according to the state's brief, was completed December 2005. They cite to the record C112, C116, and then, of course, the matter was not completed allegedly until the superintendent had approved the charges on April 11, 2007. With respect to the idea that the charge regarding the marriage application, November 2, 2002, marriage application is somehow irrelevant to the race judicata analysis. It's not. There's, again, a long restatement, Section 24, which is not just some academic matter in this thing. It is River Park cited the restatement of judgments with approval when they adopt the transactional test. And one of the elements is, does this form a convenient trial unit? Well, apparently, how do the parties treat these allegations? They treat an allegation that was barred by race judicata here, according to the police board, in the same ballpark with the other two violations that we're talking about today that he was found guilty of. And on materiality, there was no – Judge Coco is the trier of fact that's relevant to this analysis of materiality. No, but you've already explained all that. Okay. Well, I just heard counsel say that we need to look at other things. We need to look at whether or not he testified falsely at the proof-up hearing. And this is not before Judge Coco, so it really can impact on materiality. I just – I mean, I've heard this discussion back and forth, and I haven't looked this up in a very long time. I'm thinking back from my criminal – well, it's only not that long, though, two years. But I don't think the allegedly false statement ever even has to appear before the trier of fact. It has to – no, it's true. So the fact that he lied in front of Judge Coco, if the police board could prove that he lied and they believed that it was material, then that's enough. That judge, Judge Coco, didn't have to rule that he was lying. The state didn't have to prove lying in front of Judge Coco. The impeachment, I don't – I believe that that is the law. The law is whether or not it can or is – whether it did or is capable of – Right, exactly. But who is the trier of fact in that scenario? No, but I'm just saying, I think the law is that it doesn't even have to be in front of the trier of fact. Say, for instance, they took a deposition of him and they were going to use it in front of Judge Coco. Right. But they didn't. They could still bring the perjury charges. They could prove that he lied. But it would have to be material to that proceeding. Yeah, but it – well. That's the – And, of course, the argument is it is material because he's trying to say Bridget converted his property and that she's harassing him on the phone. And so he's a police officer with standing and blah, blah, blah. And then she's saying, no, he's a liar. He's – and teared out his credibility. And that was the attempt, but it was not complete. It was innuendo, really. I don't think that the – and I can be wrong, certainly. I don't think the law requires that approval of the impeachment occur in front of Judge Coco. No. We'll certainly try to address that in the resolution of this. No, it doesn't, but it does seem that in whatever proceeding it is relevant to or is purported to be relevant to, that it would have to be capable of influencing that proceeding. Well, if it – all right, just on that point. If you prove – if it's proved that he lied, certainly it would influence the trial effect on the issue of his credibility. But it wasn't. Okay. I understand what you're saying there, but I'm – well. Just one last point. I'm sorry. Just one last point, and it's just on that last issue about – I just want to point to the Supreme Court's decision in Baskerville, the 1974 decision, which says that there are more serious charges that had been reversed than the ones that had been sustained and needs to go back. And I think here, when we're talking about a charge that involves an allegation of criminality, we're talking about Rule 2 violations, which are not addressed to crimes, that if that's the situation, if that's the outcome here, and then the perjury is reversed and the other violations stand, then it's the police board's role to determine the proper discipline. Thank you, Your Honors. Thank you very much. You guys gave us a very interesting case, and you did a real good job on your oral arguments, and we'll take this case under advisement and the court is adjourned.